```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION


BOBBY LEE JOHNSON,              )
                                )
          Plaintiff,            )
                                )
     vs.                        )    No. 4:06-CV-1118 CEJ
                                )
HUSSMANN REFRIGERATION, INC.,   )
                                )
          Defendant.            )
```

**MEMORANDUM & ORDER**

This matter is before the Court on defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff has not responded, and his time for doing so has expired.

Plaintiff Bobby Lee Johnson, who proceeds *pro se*, was employed by defendant Hussmann Refrigeration, Inc. He brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* (Title VII), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et. seq.*, alleging race and age discrimination. Plaintiff has requested a jury trial and seeks damages, reinstatement, and an apology from defendant. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), which issued a right to sue letter on April 24, 2006.

Defendant moves to dismiss under Rule 12(b)(6), arguing that plaintiff fails to state a claim upon which relief can be granted and that plaintiff's complaint fails to comply with Rule 8(a), Fed. R. Civ. P. Defendant further argues that plaintiff's complaint does not specify with particularity any discriminatory acts or practices

and thus fails to put defendant on notice of plaintiff's claims and grounds for those claims.

I. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The Court must liberally construe the pleadings of *pro se* parties. Haines v. Kerner, 404 U.S. 519 (1972).

II. **Discussion**

Plaintiff claims both age and race discrimination. He filed the Title VII complaint on a form provided by the Clerk of Court. In response to a question inquiring about the acts complained of, plaintiff checked boxes indicating that his employer failed to

promote him and terminated his employment. Plaintiff also checked a box marked "other acts (specify)" and wrote in the space provided that his supervisor regularly left "all the work" to plaintiff, who performed "the work of five men." In response to the next question, regarding the nature of the alleged discrimination, plaintiff indicated that defendant's actions were discriminatory with respect to plaintiff's race and his age. In the narrative section of the form, and in an attached letter dated March 15, 2006, plaintiff describes the circumstances that led to his complaint.

Plaintiff's complaint alleges that Hussmann employee Betty Hardy directed plaintiff to perform an unspecified task at the loading dock because he was "the youngest and the strongest." The ADEA does not forbid employers from "favoring an older employee over a younger one." General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581, 600 (2004). Rather, the ADEA was intended to protect older workers from discrimination in favor of younger workers. Id. The plaintiff's claim that defendant based job assignments on his age fails to state a claim upon which relief can be granted, as required by Rule 12(b)(6). The defendant's motion with respect to the ADEA claim will be granted.

Plaintiff arguably claims Betty Hardy made job assignments that were racially motivated. Plaintiff's narrative complaint states: "Betty Hardy (white) sent me Bobby Johnson (black) to LTL Dock every day for four months with no help at all what so ever." Plaintiff's allegation that defendant failed to promote him and terminated his employment on the basis of race is not explained in the form's narrative section, nor in the March 15, 2006 letter.

Plaintiff advanced this claim simply by checking the corresponding boxes on the complaint form.

The complaint fails to state clearly the basis of plaintiff's belief that Hardy's job assignments were racially motivated. Also, plaintiff fails to identify any promotion opportunity that he sought and that was denied him. Further, he does not clearly set forth facts supporting his belief that the decision to terminate his employment was racially motivated.

Despite the confusing and disjointed nature of plaintiff's complaint alleging race discrimination, the Court cannot say that it is beyond doubt the plaintiff can prove no set of facts which would entitle him to relief. Rather than dismissing this action, the Court will give the plaintiff an opportunity to amend his complaint.

In the amended complaint, plaintiff must state facts sufficient to support his claims that Hardy's assignments were racially motivated and that he was denied a promotion and terminated on the basis of race. The allegations of the amended complaint must be set forth in a single document. Plaintiff may use the "Employment Discrimination Complaint" form provided by the Clerk of Court when submitting his amended complaint.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) is **granted** as to plaintiff's claim of age discrimination.

**IT IS FURTHER ORDERED** that the plaintiff shall have until November 20, 2006, in which to file an amended complaint setting forth facts supporting his claims of race discrimination in a

manner that complies with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's failure to submit an amended complaint by the above deadline may result in dismissal of this action.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2006.