UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BOBBY LEE JOHNSON,          )
                            )
        Plaintiff,          )
                            )
    vs.                     )    No. 4: 06-CV-1118 CEJ
                            )
HUSSMANN REFRIGERATION, INC.,)
                            )
        Defendant.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P. Plaintiff Bobby Johnson, who proceeds *pro se*, was employed by defendant Hussmann Refrigeration, Inc. He brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII). Plaintiff seeks an award of damages, reinstatement, and an apology from defendant.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Under the federal notice pleading regime, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a). Fed. R. Civ. P. "Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6)." Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). The Court must liberally construe the pleadings of *pro se* parties. Haines v. Kerner, 404 U.S. 519 (1972).

### Discussion

On October 30, 2006, the Court issued an order instructing the plaintiff that he could file an amended complaint that complied with Rule 8(a). Plaintiff was directed to set forth facts sufficient to support his claims of racial bias in job assignments, denial of a promotion, and termination. The order established a deadline of November 20, 2006, for filing the amended complaint, and further warned plaintiff that his failure to amend could result in dismissal of this action. Plaintiff has not filed an amended complaint, nor has he requested additional time in which to do so.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff alleges that the defendant expected him "to do the work of five men," provided insufficient supervision, denied him a promotion and terminated him because of his race. Plaintiff also alleges that he was treated unfairly at what he calls both a "trial" and a "board meeting" that preceded the termination of his employment. In the complaint, plaintiff describes at length the "trial" that occurred on August 25, 2005, and that was attended by fifteen "personnel" or "board members," including his union president. Plaintiff alleges that during this proceeding, an individual named Bill Hinch concealed information from the other board members, and "allowed the board to make a very quick decision, based only on what he allowed them to know and what he wanted them to think." Hinch allegedly also prevented witnesses from testifying for plaintiff.

Although plaintiff complains of burdensome work and a lack of supervision, he does not assert that other, similarly-situated employees were given lesser workloads or better supervision. He does not identify any promotion that he sought but was denied. Further, he does not state a time period during which any of these purported acts of discrimination occurred. With respect to the "trial" plaintiff describes, the complaint contains no assertion of race discrimination in the proceeding nor any facts from which such discrimination could reasonably be inferred.

In its earlier order, the Court specifically informed plaintiff that he would have to include in his amended complaint facts supporting his claims of race discrimination in work assignments, promotion and termination. Plaintiff chose not to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

amend, and as a result, his complaint is no less confusing and disjointed that the Court previously found it to be.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [#8] is **granted.**

An order of dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2007.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com